B. A. SEIBEL, Appellant, v. A. LAMPE et al., Appellees.

BILLS AND NOTES: Requisites and Validity—Fraud in Obtaining
1   Signature. On the issue whether defendants were intoxicated when

they signed the note in suit, and whether or not, in consequence, they were guilty of negligence in signing it without reading, evidence held sufficient to take the case to the jury.

**BILLS AND NOTES:**   **Bona-Fide Purchasers.**   Whether, in considera-
2 tion of plaintiff's relationship with the proprietor of the company named as payee in the note in suit, and his lack of diligence about inquiring as to its validity, plaintiff was a good-faith holder of the note, *held* a question for the jury.

*Appeal from Lee District Court.—*JOHN E. CRAIG, Judge.

FEBRUARY 12, 1924.

SUIT on a note.   Trial to a jury.   Verdict for defendants. Plaintiff appeals.—*Affirmed.*

*J. M. C. Hamilton,* for appellant.

No appearance for appellees.

PRESTON, J.—The action is on a note of $350, executed in 1918 by defendants to the Diamond Worm Medicine Company, of Fort Dodge, Iowa.   The name of the payee appears to be a trade name.   J. A. Welch is the proprietor.   The note was executed near Mendota, Illinois, while defendants were on their way from West Point, Iowa, to Chicago.   The note was executed under the following circumstances: Defendants were going to Chicago, and their car broke down.   L. E. Welch, of Fort Dodge, brother of J. A., hauled defendants' auto for some distance, and talked "worm remedy."   Welch sold them a ton of the remedy, but defendants refused to receive it when they. returned home.

1.   Defendants claim that they were so intoxicated at the time the note is alleged to have been signed that they did not know what they were doing, and that Welch represented to them that the paper he presented to them for signature was a receipt or order for the remedy, and that they did not know it was a note.   This fraud is pleaded with some elaboration, and other grounds of fraud are set out.   The foregoing statement is sufficient for the purposes of the case.

1 BILLS AND NOTES: requisites and validity: fraud in obtaining signature.

Plaintiff claims to be an innocent holder of the note. He did not plead in his original petition that he obtained it for a valuable consideration, but did so plead in an amendment. Plaintiff offered no evidence in chief on that question.

The evidence of the defendants, though contradicted at some points, tends to support the allegations of the answer.

Plaintiff filed a motion for a directed verdict, at the close of defendants' evidence and at the close of all the evidence. On the overruling of said last named motion, plaintiff moved the court to withdraw from the consideration of the jury the defenses as to intoxication, misrepresentation, and failure of consideration, because there was no evidence in support thereof. This, too, was overruled, and the case submitted to the jury. The assignments of error relate almost entirely to these matters.

It is unnecessary to go into the details of the evidence. It appears that at Mendota the parties had three drinks of whisky and a quart or such a matter besides. True, some of the witnesses tell the usual story, that they only had "a few sips." We think the evidence was sufficient as to the alleged intoxication and fraud.

On the question of intoxication, the court instructed the jury in substance that, unless the jury should find from the evidence that defendants were so intoxicated at the time of the signing of the note as to be deprived of their understanding, then the jury could not consider the evidence relative to intoxication as a defense.

Appellant contends that defendants were not intoxicated, and that defendants could read, and that, having signed the instrument without reading, they are bound. One of the cases they cite is *First Nat. Bank v. Hall,* 169 Iowa 218, 223. In the course of that opinion it is said:

"Most of the cases are where the maker has been deceived into signing a contract or note under the supposition that it was a different instrument; but if signed unintentionally,— that is, when unconscious of signing,—the paper thus signed is quite as vulnerable to the objection that it is not the contract of the signer as though this were induced by deceit."

As bearing on this question, see, also, *Christensen v. Harris,* 190 Iowa 256; *Merriam v. Leeper,* 192 Iowa 587; *Bank of Holmes*

*v. Thompson,* 192 Iowa 1032, 1035. In the last mentioned case, it was said, at page 1035, that it is a question for the jury to determine whether or not a person is negligent is signing an instrument without reading, etc.

2. Plaintiff is the brother-in-law of J. A. Welch, the proprietor of the company. He lives at Fort Dodge; was acquainted with Welch about five years; their relationship was always friendly. He did not know what the note in suit was for,—imagined it was for stock food; made no inquiry as to the standing of defendants. Considering the closeness of the relationship of plaintiff, and his connection with the transaction itself, without stating all the details of the evidence, we think that the question as to the good faith of plaintiff in taking the note was for the jury, and that he has not sustained the burden.

2. BILLS AND NOTES: bona-fide purchasers.

Some other matters are referred to in argument. On the whole record, no prejudicial error appears. The judgment is— *Affirmed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.